******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PRESCOTT, J., concurring in part and dissenting in part. I agree with part I of the majority opinion and, on the basis of the reasons set forth therein, concur that the present appeal is not moot. I do not agree, however, with the majority's conclusion in part II of the opinion that the orders at issue were sufficiently clear and unambiguous to support a finding of contempt under the circumstances presented. Because I would reverse the judgment of the court, I respectfully dissent.

The majority opinion accurately sets forth the facts and procedural history as well as the law that guides our review of the court's finding of contempt. It is important, however, to emphasize the following: "Civil contempt is committed when a person violates an order of court which requires that person in *specific and definite language* to do or refrain from doing an act or series of acts. . . . Whether an order is sufficiently clear and unambiguous is a necessary prerequisite for a finding of contempt because [t]he contempt remedy is particularly harsh . . . and may be founded *solely* upon some clear and express direction of the court. . . . One cannot be placed in contempt for failure to read the court's mind. . . . It is also logically sound that a person must not be found in contempt of a court order when ambiguity either renders compliance with the order impossible, because it is not clear enough to put a reasonable person on notice of what is required for compliance, or makes the order susceptible to a court's arbitrary interpretation of whether a party is in compliance with the order." (Citations omitted; emphasis in original; internal quotation marks omitted.) *In re Leah S.*, 284 Conn. 685, 695, 935 A.2d 1021 (2007). It is with these principles in mind that I depart from the majority's conclusion in the present case that there was a sufficiently clear and unambiguous order to support a finding of contempt.

The automatic order in Practice Book § 25-5 (a) (2), by its very terms, applies to a "party vacating the family residence," in other words, a move from the marital home. Although it may make sense as a matter of policy to construe that order as also pertaining to subsequent moves, the ambiguity regarding whether it does apply to later moves prevents the plaintiff from being held in contempt under the circumstances of the present case.

With respect to the June, 2012 order, the order is ambiguous in several significant regards. First, it does not indicate whether notice of a change in address must be given in writing or whether an oral or electronic notification is permissible. Second, the order provides no definitive time frame in which notice must be given. In this case, the record is clear that the plaintiff, Beth Keller, had told the defendant, Richard Keller, where

she was living, and that, prior to the filing of the motion for contempt, he had gone to her new residence to drop off the children. In fact, it was undisputed that the defendant had driven to the plaintiff's new residence twice on the day immediately following the plaintiff's move. Additionally, the plaintiff could not have violated the obligation to provide the defendant with a new telephone number because her number had not changed.

In concluding that the plaintiff could not be held in contempt under the circumstances presented and with respect to these ambiguous orders, I do not want to minimize the obligation of a divorcing parent to work cooperatively with the other parent so as to meet the best interest of their children. Nevertheless, a finding of contempt cannot be justified in circumstances in which the plaintiff either attempted to comply or was subject to an ambiguous order. Accordingly, I respectfully dissent.

———————————————